IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JUAN ESQUIVEL, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:13-CV-244 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION TO DENY PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Petitioner JUAN ESQUIVEL, JR., filed a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his conviction for continuous sexual abuse of a child (Cause No. 21,012-A out of the 47th Judicial District Court of Randall County, Texas). For the reasons set out hereafter, the United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DENIED.

### I.
### FACTUAL AND PROCEDURAL BACKGROUND

On March 17, 2011, petitioner was convicted by a jury of continuous sexual abuse of a child and was sentenced to thirty-five years confinement. The court of appeals affirmed his conviction. *Esquivel v. State*, No. 07-11-00131-CR, 2012 WL 2290728 (Tex. App.–Amarillo 2012, pet. ref'd). His petition for discretionary review (PDR) was refused. PDR No. 0897-12 (Tex. Crim. App. Sept. 12, 2012). Petitioner then filed a state application for writ of habeas corpus, which was denied

without written order on September 11, 2013. He filed the current action on November 27, 2013.

The events of the underlying criminal case began on September 14, 2009. L.S. contacted the Amarillo Police Department to report an act of sexual abuse which occurred the previous day. The accused was petitioner L.S.'s boyfriend at the time and the victim was L.S.'s daughter, B.A., a child under the age of fourteen. Upon investigation, the police learned that the September 13, 2009 incident was not the first time petitioner had sexually assaulted the victim.

Respondent has adequately set forth a concise statement of the facts of the case including summations of testimony from various witnesses including L.S.'s co-worker and friend who urged L.S. to call the police, a police officer who interviewed the victim, a sexual assault nurse examiner from Northwest Texas Hospital who interviewed and examined the victim, an employee from the Bridge Children's Advocacy Center who interviewed the victim and the victim's licensed professional counselor.

## II.
## PETITIONER'S ALLEGATIONS

The Court understands Petitioner's claims to be:

1.  The evidence was insufficient to support the conviction;

2.  The trial court erred when it did not require the prosecution to submit a "motion to elect" giving notice of which act it intended to bring to trial; and

3.  Petitioner's appellate counsel was ineffective for failing to raise more than one claim on appeal.

## III.
## STANDARD OF REVIEW

In his answer, respondent fully and accurately sets out the appropriate legal doctrines,

statutory authority, and case law regarding the standard of review this Court must utilize including the required presumptions this Court must make in its review. (Dkt. 16 at 8-13). These standards and supporting authority are applicable to this case and need not be repeated.

## IV.
## MERITS OF PETITIONER'S ALLEGATIONS

### A. Sufficiency of the Evidence

In his first ground, petitioner contends the evidence was legally and factually insufficient in that, "the State's witness brought inconsistent and inaccurate accounts of the occurrence (sic), the testimony of the Victim, was questionable, when she told the nurse examiner she had lied about the incident, and fabricated evidence was introduced during the trial." (Dkt. 3 at 6).

Petitioner's sufficiency claim is procedurally barred for failure to raise it on direct appeal and in his PDR. *Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex.Crim.App.2004). While petitioner did raise a claim of legal insufficiency of the evidence in his state habeas corpus application, respondent argues a claim of insufficient evidence is not cognizable on state habeas. *Ex parte McLain*, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994). When the Texas Court of Criminal Appeals denies a state habeas corpus application in which a sufficiency of the evidence claim is raised, the state court's denial is based on a state procedural ground because the claim is not cognizable on habeas corpus. *Register v. Thaler*, 681 F.3d 623, 626 n.8, 628 (5th Cir. 2012). Regardless, the evidence presented at petitioner's trial was more than sufficient to support his conviction.

Various witnesses testified at trial about the incidents including the victim's mother's co-worker, who urged the mother to call the police after the mother found petitioner having sex with her daughter (Dkt. 14-15 at 97-98), a police officer who interviewed the victim, a sexual assault

nurse examiner from Northwest Texas Hospital who interviewed and examined the victim and testified regarding trauma to the victim's body including healed trauma to her sexual organ (Dkt. 14-15 at 47, 51-52), an employee from the Bridge Children's Advocacy Center who interviewed the victim and the victim's licensed professional counselor who testified the victim's behavior during her treatment was consistent with that of children who had been victimized sexually (Dkt. 15-1 at 123-126). Additionally, the record in this case also reflects testimony from a police detective who coordinated the investigation, a forensic scientist with the Texas Department of Public Safety who tested the sexual assault kit compiled from the victim, an investigator with Child Protective Services, the victim's sister and the victim herself. The jury heard the testimony from these witnesses, assessed the credibility of the witnesses and found petitioner guilty.

Petitioner references a "State's witness" who he argues gave inconsistent and inaccurate accounts of the occurrence. However, petitioner has failed to identify this witness and has failed to set out the content of this witness's testimony and how it was insufficient. Instead, petitioner has made only self-serving, conclusory allegations which in no way support his argument. *See Woods v. Cockrell*, 307 F.3d 353, 357 (5th Cir. 2002) (a statement of a legal conclusion, without a serious attempt to argue or substantiate the issue, is a waiver or abandonment of the issue); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) ("mere conclusory allegations on a critical issue are insufficient to raise a constitutional claim").

Petitioner appears to focus his sufficiency claim on the victim, arguing her testimony was questionable. Specifically, petitioner argues the victim asked the State how to respond. One example is the following exchange between the victim and the State:

> Q: Do you remember - - tell me what you remember about that last time that something happened.

> A: What do I tell you?
>
> Q: Tell me about what happened the last time that you got raped.
>
> A: I was sleeping on the couch, and then Johnny got on top of me, and my mom woke up, and we left.
>
> ...
>
> Q: When he got on top of you, after he pulled your clothes down, what happened?
>
> A: He put his thing in me.

(Dkt. 15-1 at 12-13, 15). Another similar exchange was as follows:

> Q: When you woke up the day - - the day after this had happened, did you go with your mom anywhere?
>
> A: You said after?
>
> Q: I'm sorry. I couldn't hear you.
>
> A: The day - - what do I tell you?
>
> Q: Do you remember if you were moving that day?
>
> A: Yes.

(Dkt. 15-1 at 18). The line of questioning continued with the State eliciting from the witness the course of events at issue, including the witness's testimony that petitioner committed these sexual assaults against her on more than one occasion. (Dkt. 15-1 at 22-25). Defense counsel objected to certain questions as "leading" and the trial court sustained some objections and overruled others. The credibility of this testimony was a determination for the jury not this Court. The jury found the victim's testimony to be credible and, in combination with the other testimony at trial, found the evidence sufficient to convict petitioner of the crime.

Petitioner next alludes to "fabricated evidence" introduced during the trial. Petitioner's argument is not clear, but to the extent petitioner argues fabricated evidence was wrongly submitted

at trial and without it the remaining evidence was insufficient to convict, petitioner's argument is without merit. Petitioner has failed to identify the alleged fabricated evidence and how it affected the jury verdict.

Finally, petitioner argues the victim recanted her version of the events but that the State put a "block" in the way of this evidence through a motion in limine. (Dkt. 18 at 5-6). Review of the motions in limine in the record filed by both parties shows no reference to any statement of the victim recanting her allegations. (Dkt. 14-11 at 49-57 and 73-76). At trial, the victim testified about the sexual incidents with petitioner and she testified she told her mother about the incidents and that her mother got angry. (Dkt. 15-1 at 27). The victim then testified she later told her mother the previous allegations of assault were not true. (*Id.*). The victim testified she told her mother the allegations were not true because she was scared and because petitioner had threatened her and her mother. (*Id.*). From the context of the testimony it is clear that at some point the victim told her mother the sexual assault allegations were not true, but that she did this in response to her mother's anger and petitioner's threats. At trial, however, the victim testified the assaults did happen, effectively denying her prior statement to her mother to the contrary. Although petitioner appears to argue the victim recanted her accusations against him and that such evidence was not introduced at trial, the claim is without merit. The evidence was admitted and was developed on direct examination by the prosecution.

For the reasons stated herein, petitioner's sufficiency of the evidence claim is without merit, is not cognizable in federal habeas corpus and should be denied.

### B. Trial Court Error

In his second ground, petitioner argues the trial judge erred by not requiring the state to file a

"motion to elect" giving him notice of which illegal acts the state was going to bring to trial. (Dkt. 3 at 9). Respondent argues petitioner's claim is procedurally defaulted and waived because it was not raised on direct appeal as required by Texas state law. (Respondent's Answer, Dkt. 16 at 15).

Whether procedurally barred or not, petitioner's claim is without merit. Petitioner argues the failure of the trial court to require the prosecution to specify which illegal acts it intended to put before the jury somehow violated his due process rights. Petitioner was charged by indictment in December of 2009. (Dkt. 14-10 at 8). At that time, a violation of the Texas Penal Code §21.02 for continuous sexual abuse of a young child read,

> (b) A person commits an offense if:
>
> (1) during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims; and
>
> (2) at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is a child younger than 14 years of age.

The indictment charging petitioner tracked the applicable statutory language and alleged each element of the offense as it stated:

> ...the defendant, during a period that was 30 or more days in duration, to-wit: from on or about July 1, 2009 to on or about September 13, 2009, and before the presentment of this indictment, in said County and State, did then and there, when the defendant was 17 years of age or older, intentionally and knowingly commit two or more acts of sexual abuse against [B.A.], a child younger than 14 years of age, namely, the following acts:
>
> > (a) The defendant caused his male sexual organ to penetrate the female sexual organ of [B.A.];
> >
> > (b) The defendant caused his finger to penetrate the female sexual organ of [B.A.];

(Dkt. 14-10 at 8). Petitioner ESQUIVEL claims the trial court erred in not requiring the prosecution

to elect which act it was going to bring to trial thereby depriving petitioner of constitutional right to notice. Petitioner's claim fails. Petitioner was charged with committing multiple acts of sexual abuse, not a single act and was put on notice by the indictment in this case which passes constitutional muster. *See Davis v. Stephens*, No. 3:13-CV-4435, 2015 WL 4503551 at *5, (N.D.Tex., July 22, 2015)(Boyle, J.)(...the specific number and dates of the acts are not required for adequate notice because they are evidentiary in nature... An indictment that tracks the language of the statute is legally sufficient and the State need not allege facts that are merely evidentiary in nature). Petitioner was provided sufficient constitutional notice of the crime he was alleged to have committed when he was indicted. The prosecution was not required to provide further specification. Petitioner's claim is without merit and should be denied.

## C. Ineffective Assistance of Appellate Counsel

The proper standard for reviewing a claim of ineffective assistance of counsel is set out in *Strickland v. Washington*, 466 U.S. 668, 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Under the two-pronged *Strickland* standard, petitioner must show defense counsel's performance was both deficient and prejudicial. *Id.* at 687. An attorney's performance was deficient if the attorney made errors so serious the attorney was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment to the United States Constitution. *Id.* That is, counsel's performance must have fallen below the standards of reasonably competent representation as determined by the norms of the profession. A reviewing court's scrutiny of trial counsel's performance is highly deferential, with a strong presumption counsel's performance falls within the wide range of reasonable professional assistance. *Id.* at 689. Strategic choices made after a thorough investigation of both the law and facts are "virtually unchallengeable." *Id.* at 690-91. This is a heavy burden which requires a

"substantial," and not just a "conceivable," likelihood of a different result. *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011); *see also Cullen v. Pinholster*, 131 S. Ct. at 1403.

Additionally, petitioner must show counsel's deficient performance prejudiced the defense. To establish this prong, petitioner must show counsel's errors were so serious as to deprive petitioner of a fair trial. *Strickland*, 466 U.S. at 687. Specifically, to prove prejudice, petitioner must show "(1) there is a reasonable probability that, but for counsel's unprofessional errors, the ultimate result of the proceeding would have been different . . . and (2) counsel's deficient performance rendered the trial fundamentally unfair." *Creel v. Johnson*, 162 F.3d 385, 395 (5th Cir. 1998). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S. Ct. 838, 844, 122 L. Ed. 2d 180 (1993). A showing of significant prejudice is required. *Spriggs v. Collins*, 993 F.2d 85, 88 n. 4. (5th Cir.1993). If a petitioner fails to show either the deficiency or prejudice prong of the *Strickland* test, then the Court need not consider the other prong. *Strickland*, 466 U.S. at 697. When a state prisoner asks a federal court to set aside a conviction or sentence due to ineffective assistance of counsel, the federal court is required to use the "doubly deferential" standard of review that credits any reasonable state court finding of fact or conclusion of law and that presumes defense counsel's performance fell within the bounds of reasonableness. *Burt v. Titlow,* 134 S. Ct. 10, 13, 187 L. Ed. 2d 348 (2013).

To make out a claim of ineffective <u>appellate</u> counsel, a petitioner must meet the two-prong test of *Strickland v. Washington* set out above. *Smith v. Robbins,* 528 U.S. 259, 285, 120 S. Ct. 746, 145 L. Ed. 2d 756 (2000). To establish deficient performance, a petitioner must show that counsel

unreasonably failed to discover and raise nonfrivolous issues. *Id.* To establish prejudice, the petitioner "must show a reasonable probability that, [but for counsel's error], he would have prevailed on appeal." *Id.* at 285-86 (citing *Strickland,* 466 U.S. at 694). To do this, he must show "that a particular nonfrivolous issue was clearly stronger than issues that counsel did present." *Id.* at 288.

In this case, petitioner has alleged appellate counsel was deficient because appellate counsel, "...only brought forth One Ground of Error on Appeal, when he expressly admitted in a letter to the Petitioner that there were other errors that he could have brought forth to support his Brief on Direct Appeal." (Dkt. 3 at 7). The letter petitioner refers to was dated November 16, 2011 and signed by appellate counsel Mr. John Bennett. In the letter Mr. Bennett states, "I filed it [appellate brief] today and a copy is enclosed. I found one good issue and although there were a few other issues, they weren't at all likely to succeed. So I concentrated on the one good issue." (Dkt. 15-7 at 56).[1] A counseled appellant does not have the right to direct his appeal, or to insist that particular issues are raised. *United States v. Bigelow*, 616 F. App'x 152, 153 (5th Cir. 2015), *cert. denied*, 136 S. Ct. 1476, 194 L. Ed. 2d 570 (2016), *reh'g denied*, 136 S. Ct. 2051, 195 L. Ed. 2d 248 (2016). Stated another way, appellate counsel does not have a duty to raise every "colorable" claim asserted by his client for to do so would undermine the "...very goal of vigorous and effective advocacy..." *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 3314, 77 L.Ed.2d 987 (1983). Appellate counsel exercised his independent judgment to present the strongest case on appeal and was not ineffective.

Petitioner has not provided this Court with anything other than a conclusory, self-serving allegation of ineffectiveness. Petitioner has not identified any issue or issues which should have

---

[1] The one issue raised on appeal was whether the trial court erred in allowing certain testimony from a sexual assault nurse examiner. (Dkt. 15-7 at 92).

been presented on his behalf to the appellate court. To the extent petitioner claims the first two issues presented in this federal habeas application should have been presented by counsel on appeal, as he appears to argue in his response to respondent's answer, petitioner's claim fails. As discussed above, both of those claims are without merit and it cannot be said appellate counsel was deficient in not raising them on appeal. Further, petitioner has failed to show how he was prejudiced by counsel's decision not to pursue these claims on appeal. Petitioner's ineffective assistance of appellate counsel is without merit and should be denied.

## V.
## RECOMMENDATION

Petitioner has failed to present any cognizable or meritorious claim warranting federal habeas corpus relief. Therefore, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner JUAN ESQUIVEL, JR., be DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 20th day of January 2017.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. Petitioner. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).